553 A.2d 986

COMMONWEALTH of Pennsylvania

v.

Robin S. ROXBERRY, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 19, 1988.

Filed Dec. 30, 1988.

Reargument Denied Feb. 24, 1989.

Donald D. Doerr, Jr., Butler, for appellant.

Robert F. Hawk, Assistant District Attorney, Butler, for Com., appellee.

Before WIEAND, POPOVICH and MELINSON, JJ.

WIEAND, Judge:

This appeal is from an order dismissing a P.C.H.A. petition after hearing.

Robin S. Roxberry, having been tried by jury, was found guilty of kidnapping, rape, involuntary deviate sexual intercourse, robbery, and theft. He was sentenced to serve a term of imprisonment for not less than 13½ years nor more than 27 years. The Superior Court affirmed the judgment of sentence, and the Supreme Court denied further appeal. Roxberry then filed a P.C.H.A. petition in which he alleged that trial counsel had rendered ineffective assistance. Counsel was appointed to represent Roxberry, and an evidentiary hearing was held. Post-conviction relief, however, was denied.

In this appeal from the order denying P.C.H.A. relief, Roxberry argues that trial counsel was ineffective for failing to present adequately an alibi defense. Specifically, he

contends that trial counsel failed to advise the prosecution that the defense intended to present an alibi defense, failed to move for a continuance of the trial when an alibi witness failed to appear, and failed to request a specific jury instruction on the alibi defense.

There are three elements to a valid claim of ineffective assistance. We inquire first whether the underlying claim is of arguable merit; that is, whether the disputed action or omission by counsel was of questionable legal soundness. If so, we ask whether counsel had any reasonable basis for the questionable action or omission which was designed to effectuate his client's interest. If he did, our inquiry ends. If not, the appellant will be granted relief if he also demonstrates that counsel's improper course of conduct worked to his prejudice, i.e., had an adverse effect upon the outcome of the proceedings. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987); *Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468 (1977); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

*Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988).

■ Appellant was not prejudiced by trial counsel's failure to give written notice of an alibi defense as required by Pa.R.Crim.P. 305C(1)(a). Defense counsel had orally notified the prosecuting attorney that an alibi defense would be presented, and the prosecuting attorney had agreed that he would not object because of the absence of written notice.[1]

■ A subpoena had been issued for a disinterested, alibi witness, but on the day of trial the witness failed to appear. Appellant now argues that trial counsel was ineffective because he failed to move for a continuance of the trial. This argument, however, is not properly before this Court. The issue was not raised in appellant's P.C.H.A. petition, was not argued at the evidentiary hearing, and was not

1. The P.C.H.A. court found that appellant had not told defense counsel of the existence of an alibi witness until shortly before trial and after an omnibus pre-trial motion had already been filed.

considered by the P.C.H.A. court. Therefore, it has been waived. Although defense counsel testified at the P.C.H.A. hearing that he had suggested a motion for continuance to appellant when the witness failed to appear and that appellant had vetoed the suggestion,[2] the failure to request a continuance was not alleged to be an instance of ineffectiveness until appellant filed a brief in this Court.[3]

Appellant's defense at trial was that the victim had mistakenly identified him as her assailant. He said that, contrary to the victim's testimony, he had been bearded at the time when the offense had been committed. Two witnesses corroborated this testimony. Appellant also testified that on the night when the victim had been kidnapped and raped he had been drinking in a bar with a friend until the bar closed, after which he had gone to his friend's home. The trial court instructed the jury on this issue as follows:

> The critical question for you to decide is whether or not the defendant was the actor in the event that took place between eleven p.m. and one a.m. on the ninth and tenth of January. In behalf of the Commonwealth you have the testimony of [the victim] particularly as to the description of the assailant, the composite she put together of her assailant and the photo identification which is Commonwealth's Exhibit 2.

> In behalf of the defendant he states that he was not in the area but drinking beer at The Keg from eight p.m. until closing on the night in question; that he was bearded at the time of the incident. In his behalf his mother-in-law and commonlaw wife testified that he was bearded.

**2.** Appellant's testimony was that the possibility of a motion for continuance had been discussed but that he "basically" left the decision up to counsel.

**3.** At the commencement of the P.C.H.A. hearing, appellant's counsel said to the court:

> As I have set forth in my brief, the petition alleges two grounds for this relief. First that trial counsel was ineffective in failing to give the prosecution notice of Petitioner's defense to certain alibi defense. Second, that trial counsel was ineffective in failing to assess the general charge of credibility of witnesses and failing to insist upon an alibi instruction.

Your task is to consider all the evidence and to make a determination.

The trial court did not instruct the jury regarding the defendant's alibi defense, and counsel did not request such an instruction. Appellant argues on appeal, as he did before the P.C.H.A. court, that trial counsel was ineffective because he failed to request an instruction on the alibi defense.

The law regarding the defense of alibi and the duty of a trial court to instruct a jury thereon are well established in this Commonwealth. "Alibi is a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." *Commonwealth v. Whiting*, 409 Pa. 492, 498, 187 A.2d 563, 566 (1963).

A defendant is entitled to an alibi instruction when evidence of alibi, as defined above, has been introduced. *Commonwealth v. Bonomo*, 396 Pa. 222, 151 A.2d 441 (1959); *Commonwealth v. Van Wright*, 249 Pa.Super. 451, 378 A.2d 382 (1977). Although an alibi defense is generally presented with accompanying alibi witnesses or other evidence placing the defendant at a place other than the scene of the crime at the time of its commission, the testimony of the accused may, by itself, be sufficient to raise an alibi defense and entitle him to an appropriate jury instruction. See *People v. Jones*, 47 Ill.2d 135, 265 N.E.2d 125 (1970); *State v. Yager*, 416 S.W.2d 170 (Mo. 1967); *Henderson v. State*, 207 Ga. 206, 60 S.E.2d 345 (1950). See also, *Commonwealth v. Bonomo, supra* (defendant has no burden of proving alibi); *Commonwealth v. Van Wright, supra* (defendant not entitled to an alibi instruction unless, viewing the evidence in the light most favorable to the defendant, there is some testimony in the record, introduced by either the defense or the Commonwealth, raising the possibility of an alibi defense).

*Commonwealth v. Pounds*, 490 Pa. 621, 631–632, 417 A.2d 597, 602 (1980).

> Where an alibi defense is presented, the trial court must instruct the jury that it should acquit if the alibi evidence, even if not wholly believed, raises a reasonable doubt as to the presence of the defendant at the scene of the crime when the offense was committed.

*Commonwealth v. Brunner*, 341 Pa.Super. 64, 69–70, 491 A.2d 150, 152–153 (1985). See also: *Commonwealth v. Pounds, supra* 490 Pa. at 633–634, 417 A.2d at 603.

■■■ These principles are basic. The failure to give a specific alibi instruction, if preserved, is fundamental error requiring a new trial. *Commonwealth v. Pounds, supra.* The "instruction is necessary due to the danger that the failure to prove the defense will be taken by the jury as a sign of the defendant's guilt." *Id.*, 490 Pa. at 633–634, 417 A.2d at 603. General instructions on the Commonwealth's burden of proving each element of a crime beyond a reasonable doubt are not an adequate substitute for a specific alibi instruction. *Commonwealth v. Brunner, supra* 341 Pa.Super. at 70, 491 A.2d at 153. See: *Commonwealth v. Pounds, supra* 490 Pa. at 634, 417 A.2d at 603. "Similarly, a general charge on assessing the credibility of witnesses will not suffice." *Commonwealth v. Brunner, supra.* See: *Commonwealth v. Van Wright*, 249 Pa.Super. 451, 458, 378 A.2d 382, 386 (1977).

In *Commonwealth v. Brunner, supra*, trial counsel failed to request an alibi instruction after introducing an alibi defense. When the court also failed to give the required instruction, counsel failed to object or otherwise call the omission to the trial judge's attention. The Superior Court held that trial counsel's assistance had been constitutionally ineffective.

■■■ In the instant case, counsel was asked about his dereliction. He replied that he probably had failed to make a request for the required instruction because the disinterested alibi witness had failed to appear. As the *Pounds* court made clear, however, an alibi instruction is necessary even if the testimony of the defendant is the only evidence of alibi.

■ The Commonwealth argues that defense counsel's decision was reasonable because if counsel had requested an alibi instruction the prosecution would have requested the court to instruct the jury that an adverse inference could be drawn from the failure of the alibi witness to appear. We reject this argument. The availability of an adverse inference instruction because of the witness's failure to appear was not dependent upon whether the court instructed the jury on the alibi defense. In this case, moreover, such an instruction would have been inappropriate. The witness, in fact, had been subpoenaed and had failed to appear. This was adequate explanation for the defense's failure to call the witness. The witness, in short, was unavailable. To have instructed the jury that it could infer that the witness's testimony would not have supported appellant's alibi defense under these circumstances would have been inappropriate.

■ Appellant was entitled to an alibi instruction. The decided cases uniformly require a trial judge to give such an instruction. The instruction is necessary so that a failure of the jury to believe the alibi testimony will not be translated into a finding of guilt. When the trial court failed to give the required instruction, defense counsel had a duty to call the omission to the court's attention. By remaining silent and failing to request an instruction on this basic principle, counsel deprived appellant of an important right. His omission, as all the decided cases recognize, was a fundamental error which may have influenced the jury's verdict to appellant's prejudice.

The order of the trial court is reversed; the judgment of sentence is vacated; and the case is remanded for a new trial.

MELINSON, J., files a concurring statement.

POPOVICH, J., files a dissenting opinion.

POPOVICH, Judge, dissenting:

Having reviewed the record, I respectfully dissent from the majority's conclusions that the appellant was entitled to an alibi instruction, moreover I disagree that the instruction given herein did not qualify as an "alibi instruction."

First, I believe that the majority ignores the definition of an alibi defense after it correctly defines it in accordance with *Commonwealth v. Whiting*, 409 Pa. 492, 187 A.2d 563 (1963). "Alibi is a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it *impossible* for him to be the guilty party." (emphasis added) *Whiting*, 409 Pa. at 498, 187 A.2d at 566; *See also Commonwealth v. Pound*, 490 Pa. 621, 631, 417 A.2d 597, 602 (1980); *Commonwealth v. Wade*, 501 Pa. 331, 333, 461 A.2d 613, 614 (1983).

Instantly, the victim testified that, at approximately 11:00 p.m., she was walking to the AM–PM Mini Mart on Jefferson Street in Butler, Pennsylvania, when the appellant robbed her at gun-point. Unsatisfied with the amount of his ill-gotten proceeds, he decided to rape the victim. Forcing the victim into an alley, he then made the victim take off her clothes and perform oral sex upon him. Thereafter, the victim was raped several more times. She testified that her ordeal lasted nearly two hours and ended upon her release at approximately 1:00 a.m. (N.T., pp. 7–19).

At trial, the appellant testified that he was at The Keg on the evening in question from approximately 8:30 p.m. until closing time at the bar, approximately 1:00 a.m. The appellant further testified that he was in the company of Larry Lawson the entire evening. However, Mr. Lawson, though subpoenaed, did not appear to testify. Significantly, The Keg is located less than one-half a mile from the AM–PM Mini Mart on Jefferson. (N.T., pp. 90–92).

The appellant's testimony is not an alibi. Clearly, the appellant was not so far removed from the scene of the series of rapes as to "render it impossible for him to be the guilty party." The appellant was within a few city blocks

of the crime scene. Even if the appellant was in The Keg at 10:45 p.m., he could have easily left the bar, robbed, raped and released the victim before 12:45 a.m., and then returned to the bar prior to its 1:00 a.m. closing time. As stated by Justice Larsen in his dissenting opinion in *Pound, supra,* "If two persons are in a house and one is found dead in the bedroom, the jury should not be instructed on the alibi defense merely because the other claimed that he never left the kitchen." *Pound,* 417 A.2d at 604 (dissent). Similar to Justice Larsen's analysis of the *Pound* facts, I read the appellant's testimony as no more than a general denial of guilt. Consequently, I dissent based on my conclusion that the appellant was not entitled to a jury instruction on the alibi defense.

Secondly, even, *arguendo,* accepting the majority's assumption that the appellant's testimony amounted to an alibi, it creates a distinction where there is no difference between the charge of the trial court and the Pennsylvania Standard Jury Instruction on the subject of alibis. That instruction reads as follows:

> Obviously the defendant cannot be guilty unless he was at the scene of the alleged crime. The defendant has offered evidence to show that he was not present at the scene but rather was at ( ). You should consider this evidence along with all the other evidence in the case in determining whether the Commonwealth has met its burden of proving beyond reasonable doubt that a crime was committed and that the defendant himself committed (or took part in committing) it. The defendant's evidence that he was not present, either by itself or together with other evidence, may be sufficient to raise a reasonable doubt of his guilt in your minds. If you have a reasonable doubt of the defendant's guilt you must find him not guilty.

Here, the trial court did, in fact take special note of the appellant's testimony:

> The critical question for you to decide is whether or not the defendant was the actor in the event that took place

between eleven p.m. and one a.m. on the ninth and tenth of January. In behalf of the Commonwealth you have the testimony of Phyllis Weirich particularly as to the description of the assailant, the composite she put together of her assailant and the photo identification which is Commonwealth's Exhibit 2.

In behalf of the defendant he states that he was not in the area but drinking beer at The Keg from eight p.m. until closing on the night in question; that he was bearded at the time of the incident. In his behalf his mother-in-law and commonlaw wife testified that he was bearded. (N.T., pp. 122–123)

Immediately thereafter, the trial court went on to charge on presumption of innocence and reasonable doubt. Thus, it is clear to this writer that the trial court did indeed emphasize and elucidate the focal point of the testimonial conflicts.

When the standard charge is read juxtaposed to the actual charge of the court, one can discern precious little difference, certainly none that rises to the level of reversible error. *See, Commonwealth v. Johnson*, 336 Pa.Super. 1, 485 A.2d 397 (1984) (Pa.S.J.I. on alibi defense satisfies *Pound* ). Finding that the trial court's charge in this uncomplicated case that encompassed just over one hundred (100) testimonial pages was precise and elucidating, I dissent from the majority's conclusion to the contrary.

MELINSON, Judge, concurring:

It is with reluctance that I concur. This conclusion is necessitated by the case of *Commonwealth v. Pounds*, 490 Pa. 621, 417 A.2d 597 (1980), cited by my distinguished colleague, Judge Wieand. Our Supreme Court in *Pounds* stated that "the testimony of the accused *may*, by itself, be sufficient to raise an alibi defense and entitle him to an appropriate jury instruction." *Pounds*, 490 Pa. at 632, 417 A.2d 597 (emphasis added). I would be less hesitant in concurring with the result in the case at bar had the Supreme Court used the mandatory language "shall" or

"must" in lieu of the discretionary term "may" in its pronouncement in *Pounds*.

I further note that in the cases *Commonwealth v. Brunner*, 341 Pa.Super. 64, 491 A.2d 150 (1985), and *Commonwealth v. Van Wright*, 249 Pa.Super. 451, 378 A.2d 382 (1977), also cited by Judge Wieand, there was alibi testimony other than that of the defendants. At bar, the alibi witness failed to appear, leaving the defendant's alibi testimony standing alone.

Nevertheless, I am constrained to follow *Pounds* because the Supreme Court of this Commonwealth required an alibi instruction in that case, where there was substantial evidence of guilt, and where the defendant was the lone alibi witness. I believe, however, that the disposition of *Pounds* may be construed as being inconsistent with another Supreme Court directive, namely, that "an appellate evaluation of the charge must be based on an examination of it as a whole to determine whether it was fair or prejudicial." *Commonwealth v. Ohle*, 503 Pa. 566, 470 A.2d 61 (1983); *see also Commonwealth v. Klinger*, 369 Pa.Super. 526, 535 A.2d 1060 (1987). In considering this directive, this court has stated that "we may not predicate a finding of error upon isolated excerpts of the charge as it is the general effect of the charge that controls." *Klinger*, 369 Pa.Super. at 540, 535 A.2d 1060. Thus, this court has found that a jury charge was proper where the trial court failed to include in its charge a reference to the defendant's presumption of innocence, because the court told the jury that the burden was on the Commonwealth to prove every element of the crime beyond a reasonable doubt. *Klinger*, 369 Pa.Super. at 540–541, 535 A.2d 1060.

I believe that the alibi charge necessitated by the *Pounds* Court is one that should be highly recommended for utilization by the trial courts of this Commonwealth when faced with an alibi defense; however, the failure to give the alibi instruction set forth in *Pounds* should not be reversible error if, read in its entirety, the charge was proper. Furthermore, I would prefer to permit the trial judge to exer-

cise his or her discretion regarding the alibi charge, especially in cases in which the defendant is the only alibi witness; nevertheless, it appears that *Pounds* prohibits that alternative. Applying the law as set forth in *Pounds* to the charge in the case at bar, I am compelled to concur with Judge Wieand.