580 A.2d 333

**COMMONWEALTH of Pennsylvania**

v.

**Donald GAINER, Appellant.**

Superior Court of Pennsylvania.

Argued March 30, 1990.

Filed Aug. 28, 1990.

350

Michael L. Healey, Pittsburgh, for appellant.

Edward M. Clark, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before CIRILLO, President Judge, and WIEAND, McEWEN, MONTEMURO, BECK, KELLY, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

WIEAND, Judge:

Appellant's principal contention in this appeal from an order denying P.C.H.A. relief[1] is that trial counsel was ineffective when, after introducing evidence of an alibi defense, he failed to request the court to instruct the jury on the significance of the alibi evidence. Post-trial and appellate counsel are also alleged to be ineffective for failing to preserve for direct review the absence of such an instruction.

Donald Gainer was tried by jury and, on March 1, 1985, was found guilty of two counts of arson and one count of risking a catastrophe in connection with a fire which had destroyed the Arcade Theatre on the South Side of Pittsburgh on February 5, 1984. Gainer was represented at trial by John O'Connor, Esquire,[2] who withdrew after filing post-trial motions. The Public Defender's Office was then appointed to represent Gainer and filed supplemental post-trial motions. The Public Defender subsequently withdrew

1. The Post Conviction Hearing Act has now been repealed and replaced by the Post Conviction Relief Act, 42 Pa.C.S. § 9541 et seq.

2. O'Connor replaced Patrick Thomassey, Esquire, as defense counsel following a pre-trial hearing.

from the case because of a potential conflict of interest, and Joseph Vogrin, Esquire, was appointed to represent appellant. He filed a second supplemental motion for post-trial relief in which he raised additional issues. After an evidentiary hearing had been held on post-trial motions, relief was denied, and Gainer was sentenced to serve an aggregate term of imprisonment of not less than twenty (20) years nor more than forty (40) years. The Superior Court, on direct appeal, affirmed the judgment of sentence.[3] On April 6, 1987, Gainer filed a pro se P.C.H.A. petition, and Dennis I. Turner, Esquire, was appointed to represent him. Subsequently, Gainer retained the services of Michael J. Healey, Esquire, who currently appears as counsel for the defendant. An evidentiary hearing was held on October 27, 1988, after which the P.C.H.A. court issued an order denying post conviction relief. It is from the order denying post conviction relief that the instant appeal has been filed.

In *Commonwealth v. House*, 371 Pa.Super. 23, 537 A.2d 361 (1988), the Court said:

> Because the law presumes that counsel is effective, the burden of establishing ineffectiveness rests with appellant. *Commonwealth v. Floyd*, 506 Pa. 85, 90, 484 A.2d 365, 367 (1984); *Commonwealth v. McKendrick*, 356 Pa.Super. 64, 71, 514 A.2d 144, 148 (1986), *allo. denied*, 514 Pa. 629, 522 A.2d 558 (1987). To meet that burden, appellant must demonstrate that 1) the issue underlying his claim of ineffectiveness is of arguable merit; 2) the course chosen by counsel had no reasonable basis designed to serve his interests; and 3) he suffered prejudice as a result of counsel's ineffectiveness. *Commonwealth v. Pierce*, 515 Pa. 153, 158–160, 527 A.2d 973, 975–76 (1987); *Commonwealth v. Buehl*, 510 Pa. 363, 378–79, 508 A.2d 1167, 1174–75 (1986); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–5 & n. 8, 235 A.2d 349, 352–53 & n. 8 (1967).

*Id.*, 371 Pa.Superior Ct. at 28, 537 A.2d at 363. See: *Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988); *Commonwealth v. Riggins*, 374 Pa.Super. 243, 248–

**3.** Gainer was represented on appeal by John Elash, Esquire.

249, 542 A.2d 1004, 1007 (1988). Establishing prejudice "requires [a] showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). Moreover,

"[b]efore a claim of ineffectiveness can be sustained, it must be determined that, in light of all the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Miller*, 494 Pa. 229, 431 A.2d 233 (1981). We inquire whether counsel made an informed choice, which at the time the decision was made reasonably could have been considered to advance and protect defendant's interests. See *Commonwealth v. Hill*, 450 Pa. 477, 301 A.2d 587 (1973). Thus, counsel's assistance is deemed constitutionally effective once we are able to conclude the particular course chosen by counsel had some reasonable basis [designed] to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349 (1967).

*Commonwealth v. Dunbar*, 503 Pa. 590, 596, 470 A.2d 74, 77 (1983). See also: *Commonwealth v. Akers*, 392 Pa.Super. 170, 190, 572 A.2d 746, 755–756 (1990); *Commonwealth v. Harner*, 377 Pa.Super. 229, 243–244, 546 A.2d 1241, 1247–1248 (1988).

Instantly, both appellant and his girlfriend, Sandra Christensen, testified at trial that appellant had been at Christensen's home at the time when the fire occurred. According to their testimony, appellant had picked Christensen up at work at or about 9:00 p.m., and the two had gone out until 1:00 a.m., when they returned to Christensen's home. A babysitter, Ann Ryderewski, confirmed that appellant and Christensen had returned to Christensen's home about 1:00 a.m., but Ryderewski said she had fallen asleep shortly thereafter and could not say whether appellant and Chris-

tensen were still in the house when the fire occurred at or about 2:30 a.m.

A review of the record makes it abundantly clear that the alibi testimony was a major part of appellant's defense. It was presented to the jury during trial and emphasized during counsel's closing argument. Despite appellant's reliance on the defense of alibi, the trial court did not instruct the jury regarding the significance or effect of the alibi evidence. Indeed, the subject of alibi was not mentioned during the court's charge to the jury. Trial counsel, moreover, did nothing to request such an instruction or object to the absence thereof. The failures of court and counsel were not raised in post-trial motions and, of course, were not argued on direct appeal. They were raised for the first time in appellant's pro se brief in support of his P.C.H.A. petition, and were argued at the evidentiary hearing held on October 27, 1988.

██ Because appellant contends that all prior counsel were ineffective for failing to assert the absence of an alibi instruction this issue has been properly raised. It was raised at the first opportunity at which appellant was no longer represented by those lawyers whose effectiveness was being challenged. See: *Commonwealth v. Cargo,* 498 Pa. 5, 19, 444 A.2d 639, 646 (1982); *Commonwealth v. Seachrist,* 478 Pa. 621, 624, 387 A.2d 661, 663 (1978).

██ "Alibi is a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." *Commonwealth v. Whiting,* 409 Pa. 492, 498, 187 A.2d 563, 566 (1963). In *Commonwealth v. Bonomo,* 396 Pa. 222, 151 A.2d 441 (1959), the Supreme Court said:

> The Commonwealth has the burden of proving every essential element necessary for conviction. If the defendant traverses one of those essential elements by evidence of alibi, his evidence will be considered by the jury along with all the other evidence. It may, either standing

alone or together with other evidence, be sufficient to leave in the minds of the jury a reasonable doubt which, without it, might not otherwise exist. It will be the duty of the trial judge to carefully instruct the jury as to the relationship of the evidence of the prosecution and the evidence of the defendant as each bears upon the essential elements of the crime charged. This must be done without unfair disparagement although the trial judge must be left free to comment upon the evidence, as he has done heretofore, so long as he leaves the jury free to find its own true verdict.

*Id.,* 396 Pa. at 231–232, 151 A.2d at 446. Subsequently, in *Commonwealth v. Pounds,* 490 Pa. 621, 417 A.2d 597 (1980), the Supreme Court held that when a defendant introduces evidence of alibi he is entitled to have the jury instructed that it should return a verdict of acquittal if the defendant's alibi evidence, "even if not wholly believed, raise[s] a reasonable doubt of his presence at the scene of the crime at the time of its commission and, thus, of his guilt." *Id.,* 490 Pa. at 633, 417 A.2d at 603 (footnote omitted). "Where an alibi defense is presented, such an instruction is necessary due to the danger that the failure to prove the defense will be taken by the jury as a sign of the defendant's guilt." *Id.,* 490 Pa. at 633–634, 417 A.2d at 603 (footnote omitted). The *Pounds* rationale was reaffirmed by the Supreme Court in *Commonwealth v. Willis,* 520 Pa. 289, 553 A.2d 959 (1989).[4]

The Commonwealth attempts to distinguish these Supreme Court decisions because they involved refusals by trial courts to give an alibi instruction and did not hold that trial counsel was ineffective for failing to request such an instruction. This is a distinction without a difference. In either event, the jury was not adequately instructed. The issue of the ineffectiveness of counsel for failing to request

4. It has been held, however, that a trial court need not use the precise language of *Pounds,* so long as the instruction given makes it clear that a defendant's failure to prove his alibi is not tantamount to guilt. See: *Commonwealth v. Jones,* 386 Pa.Super. 467, 563 A.2d 161 (1989) (en banc); *Commonwealth v. Bright,* 361 Pa.Super. 261, 266–267, 522 A.2d 573, 575–576 (1987).

an alibi instruction was addressed by the Superior Court in *Commonwealth v. Brunner*, 341 Pa.Super. 64, 491 A.2d 150 (1985), where, after reciting the holdings of *Bonomo* and *Pounds*, the Court concluded:

In the case sub judice, appellant's only witness had been an alibi witness. A correct jury instruction, therefore, was vital. Appellant's counsel, however, did not request such an instruction; and when the court gave none, counsel failed to object.

In the face of this obvious dereliction, appellant's counsel testified at the P.C.H.A. hearing that he didn't request a specific alibi instruction because he didn't believe the alibi witness. Neither he nor the Commonwealth has been able to explain how the failure to request an alibi instruction after the alibi witness had testified could reasonably be calculated to serve the best interests of counsel's client. The witness had testified; the alibi evidence was before the jury; and appellant was entitled to a specific instruction from the court regarding its significance. When the trial court failed to deliver the required instruction, counsel had a duty to request it to do so and, if the request was denied, to preserve the court's error by an appropriate objection. To fail in this respect was so unreasonable that it must be equated with constitutionally ineffective assistance.

*Id.*, 341 Pa.Superior Ct. at 70, 491 A.2d at 153. The same conclusion was reached in subsequent Superior Court decisions. See: *Commonwealth v. Nauman*, 345 Pa.Super. 457, 498 A.2d 913 (1985); and *Commonwealth v. Roxberry*, 381 Pa.Super. 314, 553 A.2d 986 (1988), *allocatur granted*, 523 Pa. 649, 567 A.2d 652 (1989).

█ The decided cases, therefore, are clear. Where alibi evidence has been introduced and where, as here, defense counsel has argued an alibi defense to the jury, an alibi instruction by the court is essential. For the trial court to fail to give such an instruction is error. For defense counsel to fail to request an alibi instruction or object to the trial court's omission thereof renders counsel constitutional-

ly ineffective. As the Court said in *Commonwealth v. Nauman, supra,*

> [w]here, as here, appellant's counsel gave notice of an alibi defense and actually introduced evidence of alibi, there can be no reasonable basis for failing to request an alibi instruction. See: *Commonwealth v. Brunner, supra.* See also: *Commonwealth v. Hoang Khai Tran,* 307 Pa.Super. 489, 453 A.2d 993 (1982). There was nothing to lose and everything to gain by having the trial court explain to the jury that even if the jury did not wholly believe the alibi testimony it should nevertheless find appellant not guilty if it had a reasonable doubt about appellant's presence at the time of the alleged offense. The failure to request such an instruction was ineffectiveness requiring a new trial.

*Id.,* 345 Pa.Superior Ct. at 464, 498 A.2d at 916. See also: *Commonwealth v. Roxberry, supra; Commonwealth v. Brunner, supra.*

The absence of an alibi instruction, it has been held, is not harmless error. *Commonwealth v. Willis, supra,* 520 Pa. at 294, 553 A.2d at 962. In the absence of such a necessary instruction, "conviction may have resulted from the jury's inference of guilt from a perceived failure on the [a]ppellant's part to clearly establish the alibi." *Id.* Similarly, the dereliction of trial counsel must be deemed prejudicial. For the jury to be given evidence of alibi and not to be told of its significance, i.e., how to use it, is to impair the jury's ability to return a reliable verdict. Because counsel's dereliction was prejudicial, it can be corrected only by awarding appellant a new trial.

█ There is no merit in appellant's remaining argument that his trial counsel was ineffective for failing to request an accomplice or corrupt source instruction with respect to the testimony of Walter Sparks, a prosecution witness. An accomplice charge is required only when the evidence permits an inference that the witness was an accomplice. *Commonwealth v. Upshur,* 488 Pa. 27, 32, 410 A.2d 810, 812 (1980); *Commonwealth v. Smith,* 343 Pa.Super. 435, 447, 495 A.2d 543, 549 (1985). See also: *Commonwealth v.*

*Sisak,* 436 Pa. 262, 268, 259 A.2d 428, 431–432 (1969); *Commonwealth v. Howard,* 375 Pa.Super. 43, 50, 543 A.2d 1169, 1172 (1988). The justification for the instruction is that an accomplice may inculpate others out of a reasonable expectation of leniency. *Commonwealth v. Upshur, supra; Commonwealth v. Thomas,* 479 Pa. 34, 37, 387 A.2d 820, 822 (1978); *Commonwealth v. Watts,* 348 Pa.Super. 224, 228, 501 A.2d 1152, 1154 (1985); *Commonwealth v. Smith, supra.*

In the instant case, however, there was no evidence from which the jury could have reasonably inferred that Sparks was an accomplice of appellant in starting the fire at the Arcade Theatre. The testimony was that Sparks had declined appellant's offer of money to assist in setting the fire. This testimony was uncontradicted. Sparks also testified that after the fire appellant had admitted setting it. There was, therefore, no evidence that Sparks had aided appellant or had participated in any way in committing the crime for which appellant was being prosecuted. It was undoubtedly because of the absence of such evidence that appellant's counsel sought to attack Spark's credibility, not by showing that he was an accomplice, but by emphasizing his prior criminal record, which included convictions for burglary and theft and suggested possible motives for fabrication.

Not only was there no basis for an accomplice instruction, but such a charge would have been inconsistent with appellant's defense that he did not set the fire but was elsewhere at the time of the conflagration. Under such circumstances, trial counsel cannot be deemed ineffective for failing to request an accomplice instruction. See: *Commonwealth v. Johnson,* 496 Pa. 546, 549–550, 437 A.2d 1175, 1177 (1981); *Commonwealth v. Karabin,* 493 Pa. 249, 252–253, 426 A.2d 91, 93 (1981); *Commonwealth v. Quarles,* 361 Pa.Super. 272, 279–280, 522 A.2d 579, 582 (1987).

Because of Supreme Court decisions emphasizing the need for a jury instruction explaining the defense of alibi,

we hold appellant's trial counsel constitutionally ineffective for failing to request an alibi instruction after relying upon alibi testimony to establish a defense to the charges against his client. In view of this dereliction, a new trial must be granted.

Reversed and remanded for a new trial. Jurisdiction is not retained.

FORD ELLIOTT, J., filed a concurring and dissenting statement.

JOHNSON, J., filed a dissenting opinion in which KELLY, J., joined.

FORD ELLIOTT, Judge, concurring and dissenting:

I concur in the result reached by the majority because I too believe that trial counsel was ineffective under the facts of this case, and that a new trial is warranted. However, I join with the dissent in recognizing the inadvisability of creating a per se rule of ineffective assistance of counsel. For to do so, is to interfere in the attorney—client relationship and to intrude on counsel's essential and at times very delicate exercise of trial strategy. Such issues should always be decided on a case by case basis.

JOHNSON, Judge, dissenting:

I agree with the majority that trial counsel was not ineffective for failing to request an accomplice or corrupt source instruction with respect to the testimony of Walter Sparks, a prosecution witness. However, I find no ineffectiveness meriting a new trial in counsel's failure to request an alibi instruction. I would affirm the order denying post-conviction relief. Therefore, I must respectfully dissent.

Initially, I would agree with the distinguished trial judge, the Honorable Robert P. Horgos, that Gainer has failed to demonstrate a reasonable probability that, but for counsel's unprofessional errors (in failing to request an alibi charge) the result of the proceeding would have been different, that

is to say, that our confidence in the outcome has been undermined. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984). I would have little difficulty affirming, on the analysis of the trial court, the orders of November 22, 1988 which denied PCHA relief.

The outcome of this case at first appears to be controlled by this Court's holding in *Commonwealth v. Roxberry,* 381 Pa.Super. 314, 553 A.2d 986 (1988). However, as the majority acknowledges, *Roxberry* is subject to re-examination by our Supreme Court, *Commonwealth v. Roxberry, appeal granted,* 523 Pa. 649, 567 A.2d 652 (1989) (Table).

The ostensibly controlling *per se* rule established in *Commonwealth v. Roxberry, supra,* was formulated in December 1988, some three years and ten months after the trial conduct here under review. As the distinguished author of the *Roxberry* opinion, the Honorable Donald E. Wieand, had earlier pointed out in *Commonwealth v. Johnson,* 347 Pa.Super. 93, 100, 500 A.2d 173, 177 (1985):

> We will not "impose upon trial counsel [or appellate counsel] the qualities of a seer ... and counsel will not be deemed ineffective for failing to predict future developments in the law." *Commonwealth v. Triplett,* 476 Pa. 83, 89–90, 381 A.2d 877, 881 (1977). On the contrary, we examine counsel's stewardship under standards as they existed at the time of his actions.

*Cf., Commonwealth v. Ahearn,* 357 Pa.Super. 404, 406–407, 516 A.2d 45, 46 (1986), *appeal denied* 514 Pa. 628, 522 A.2d 556 (1987) (Table).

The *per se* rule compelling a trial judge to give an alibi charge regardless of the circumstances did not appear in our jurisprudence until *Commonwealth v. Brunner,* 341 Pa.Super. 64, 491 A.2d 150 (1985), decided one month after the trial here under review. In *Brunner,* Judge Wieand relied upon *Commonwealth v. Pounds,* 490 Pa. 621, 417 A.2d 597 (1980) and *Commonwealth v. Van Wright,* 249 Pa.Super. 451, 378 A.2d 382 (1977) for the principle that "a failure to give a specific alibi instruction, where warranted,

is error requiring a new trial." 341 Pa.Super. at 70, 491 A.2d at 153. Judge Wieand rejected trial counsel's explanation that he did not believe the witness, with this:

The witness had testified; the alibi evidence was before the jury; and appellant was entitled to a specific instruction from the court regarding its significance. When the trial court failed to deliver the required instruction, counsel had a duty to request it to do so and, if the request was denied, to preserve the court's error by an appropriate objection. To fail in this respect was so unreasonable that it must be equated with constitutionally ineffective assistance.

341 Pa.Super. at 70, 491 A.2d at 153.

Both *Pounds* and *Van Wright,* upon which Judge Wieand relied, involved a *requested* alibi instruction which had been refused. In *Van Wright,* the testimony of a bartender had placed the question of alibi in issue. This court reviewed *Commonwealth v. Bonomo,* 396 Pa. 222, 151 A.2d 441 (1959), in deciding how the issue of alibi evidence bears upon the presumption of innocence. In *Van Wright,* we held that "[t]his presumption cannot be fully honored if the trial court *refuses* to give an alibi instruction when a defendant's evidence, if believed, would establish its applicability." 249 Pa.Super. at 457, 378 A.2d at 385 (emphasis added).

Similarly, in *Pounds,* our Supreme Court had to consider whether a retrial was in order where the trial judge had refused a request to instruct the jury on the defense of alibi. The defendant's testimony concerning his whereabouts was not supported by any other evidence but, nevertheless, a majority of the court found it to be sufficient to raise an alibi defense. There, the court held that the failure to instruct the jury *upon request* constituted trial court error which was not harmless. The court reasoned that, since the defendant bears no burden of proof on alibi, such evidence, even if not wholly believed, might have raised a reasonable doubt of the defendant's presence at the scene of the crime at the time of its commission and thus, of his

guilt. As in *Van Wright, Pounds* involved a refusal of a request for an instruction.

From my review of the cases, I conclude that it was not until *Brunner* in 1985 that this court suggested that an alibi instruction might be required regardless of trial counsel's conduct or desire. I have found no case from our Supreme Court confirming this compulsory rule.

The *per se* rule established first in *Brunner* and followed in *Commonwealth v. Nauman,* 345 Pa.Super. 457, 498 A.2d 913 (1985) and *Roxberry, supra,* would compel a trial judge to give an alibi charge regardless of the circumstances and regardless of the wishes of the defendant or defense counsel. In both *Brunner* and *Nauman,* the opinion writer concluded that there could be no reasonable basis for failing to request an alibi instruction. In *Brunner,* defense counsel testified at the PCHA hearing that he did not request a specific alibi instruction because he did not believe the alibi witness. Counsel may well have feared that focusing the jury's attention on patently false alibi evidence could have diverted the jury from considering some other plausible aspect in the case more favorable to the defendant.

If I understand the thrust of *Brunner, Nauman* and *Roxberry,* those cases conclude that there can be no reasonable basis for not wanting an alibi charge, and that this decision is too important to be left to the defendant and defense counsel. I cannot agree.

Moreover, if the *per se* command of *Roxberry* is to be followed, it would appear that the "prejudice" review found in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and carried forward in this jurisdiction in *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987) would no longer apply, even where defense counsel finds the alibi testimony incredible, as in *Brunner.* I seriously doubt that our Supreme Court would sanction this.

Recently, this court has addressed the obverse of the situation presented by *Brunner* and its progeny. Where a

criminal defendant does *not* testify, and specifically requests the court *not* to charge that he has the right not to testify and that no adverse inference may be drawn from his failure to take the witness stand, we have held that it is error for the court to give the instruction concerning a defendant's right to remain silent. *Commonwealth v. Rasheed*, 392 Pa.Super. 280, 572 A.2d 1232 (1990) (en banc, Opinion by Cavanaugh, J.)

Our rationale in *Rasheed* was that defense counsel and his or her client should be able to decide if they want the jury to focus on the fact that the defendant has not testified. We recognized that the jury will be aware of this fact, but in some cases the defendant may not want this highlighted. *Id.*, 392 Pa.Superior Ct. at 284, 572 A.2d at 1234–35. Similarly, in those cases involving an alibi defense, I believe that the defendant and defense counsel should not be deprived of the right to control trial strategy. In my view, the majority on this appeal moves counter to the direction of our court as manifest in *Rasheed* and away from the autonomy of the defendant and defense counsel without any clear enhancement of the administration of justice.

My review of the charge actually delivered persuades me that it was entirely fair. We should not lose sight of our obligation, as an intermediate appellate court, to examine the entire jury charge as a whole to determine whether it was fair or prejudicial. *Commonwealth v. Ohle*, 503 Pa. 566, 582, 470 A.2d 61, 70 (1983); *Commonwealth v. Sparks*, 351 Pa.Super. 320, 328, 505 A.2d 1002, 1006 (1986). I find no fault with the charge as given.

In order to join with my colleagues in directing a new trial on this appeal, I would have to conclude that, in late February, 1985, (1) defense counsel was ineffective for not requesting an alibi instruction *and* (2) the learned trial judge committed reversible, prejudicial error when he did not (a) anticipate this court's quantum leaps of March, 1985 and beyond as expressed in *Brunner* and its progeny and (b) deliver, *sua sponte,* an alibi instruction that had not

been requested nor, in my judgment, was required. I am not inclined towards either conclusion.

The jury in this case heard Gainer's alibi defense through his own testimony and the testimony of other defense witnesses. It could use its common sense and decide if Gainer told the truth about his whereabouts, or if the Commonwealth witnesses were more believable—in the absence of an alibi instruction. Nothing in the transcript of the P.C.H.A. hearing or in the majority opinion of my colleagues details the manner in which our confidence in the outcome of this proceeding has been undermined because the trial court did not, *sua sponte,* deliver an instruction on alibi.

I cannot join with my colleagues in characterizing the conduct of Judge Horgos and Attorney John D. O'Connor as "the failures of court and counsel." Majority opinion, page 353. Nor do I believe that our Supreme Court decisions which discuss alibi testimony and the need for jury instructions have gone so far as to find trial counsel "constitutionally ineffective" where the record discloses a failure to request an alibi instruction but nothing more to demonstrate prejudice. *Commonwealth v. Pierce, supra.* While I recognize the cases decided in this Court which appear to establish a *per se* rule, I am prepared to await further direction from our Supreme Court before I would join a position expressing such a drastic change in precedent.

On November 22, 1988, after due consideration, Judge Horgos denied the prayer of the post conviction petition. This occurred following an evidentiary hearing where no evidence was presented to support a claim that either trial or successor counsel had been constitutionally ineffective. On direct appeal, we have previously reviewed and affirmed the judgments of sentence, by *per curiam* order (No. 1100 Pittsburgh, 1985). I would affirm all three orders denying post conviction relief. Therefore, I respectfully dissent.

KELLY, J., joins.