NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MICHAEL VIGORITO, *Petitioner*.

No. 1 CA-CR 25-0342 PRPC

FILED 03-02-2026

Appeal from the Superior Court in Maricopa County
No. CR2019-005050-001
The Honorable Dewain D. Fox, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Grand Canyon Law Group LLC, Mesa
By Victoria Wilde
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge James B. Morse Jr. joined.

**J A C O B S**, Judge:

¶1        Michael Vigorito petitions this court for review from the denial of his petition for post-conviction relief under Arizona Rule of Criminal Procedure ("Rule") 32.  For the reasons stated below, we grant review of his petition but deny the relief he requests.

## FACTUAL AND PROCEDURAL HISTORY

### A.        Vigorito is Convicted of Aggravated Assault and Disorderly Conduct With a Deadly Weapon.

¶2        In December 2018, Vigorito, claiming he wanted to prevent his daughter from driving under the influence, followed her to a bar and tried to disable her vehicle by deflating its tires.  Several individuals, including S.B., a bar patron, confronted Vigorito in the parking lot.  In the ensuing altercation, Vigorito pulled out a firearm.  When the situation settled, Vigorito left the scene and was later arrested.  The State charged him with one count of aggravated assault with a deadly weapon for drawing his firearm on S.B., and three counts of disorderly conduct with a deadly weapon.

¶3        At trial, Vigorito testified he never used his firearm to threaten S.B. but merely removed it from the holster at his waist to place it in his car, away from his body.  He said he did so because S.B. and the others who confronted him in the parking lot threatened him, so he wanted to be unencumbered to defend himself with his hands.  He said he never used his firearm in self-defense because he never believed he needed to.

¶4        Near trial's end, Vigorito's counsel asked that the jury receive a justification instruction for "defensive display of a firearm."  The State opposed the instruction, arguing the evidence did not support it because Vigorito "was so very adamant that he did not display his weapon in any manner meant to be seen by anybody else."  Vigorito's counsel countered, citing case law supporting that self-defense and defensive display instructions are appropriate if supported by the "slightest evidence," even if they do not match the defense's case.  After further debate, the court gave the defensive display instruction, which told the jury it could find Vigorito was "justified in defensively displaying a firearm" if a reasonable person would have believed it necessary to protect against the use or attempted use of unlawful physical force, but that the justification was inapplicable if the jury found Vigorito "used a firearm during the commission of an aggravated assault."

**¶5** The State closed by arguing Vigorito could not rely on the defensive display instruction because he intentionally escalated the situation by unholstering his firearm and threatening S.B., so he used a firearm while committing aggravated assault. Vigorito's counsel argued Vigorito never assaulted S.B. using a firearm — that he in fact de-escalated the situation by unholstering his firearm to put it in his car. Still, he urged the jury to consider whether, even if the other elements of the charged offenses were met, the State proved beyond a reasonable doubt the defensive display justification did not apply.

**¶6** The jury convicted Vigorito on all four counts. The court sentenced him to a 7.5-year term and three concurrent 1-year terms of imprisonment.

### B.     Vigorito's Direct Appeal Fails.

**¶7** Vigorito appealed. His court-appointed counsel filed an *Anders* brief asserting she found no non-frivolous issues for appeal, but Vigorito filed a supplemental brief. He argued, among other things, that his trial counsel was ineffective and that the court erred in instructing the jury on a justification defense. The Court of Appeals found no arguable issues and affirmed Vigorito's convictions and sentences.

### C.     Vigorito Is Denied Post-Conviction Relief.

**¶8** Vigorito then petitioned the superior court for post-conviction relief under Rule 32. He again argued he received ineffective assistance of counsel ("IAC") at trial, claiming he was prejudiced by his counsel's failure to request two additional justification jury instructions: self-defense and crime prevention.

**¶9** The court summarily dismissed Vigorito's petition without an evidentiary hearing. It found Vigorito failed to state a colorable IAC claim under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which required Vigorito to demonstrate that (1) his trial counsel's performance fell below an objective standard of reasonableness as defined by prevailing professional norms, and (2) he was actually prejudiced by his trial counsel's deficient performance. *Id.* at 687.

**¶10** The court found Vigorito "presented no evidence" of his trial counsel's deficient performance. It noted that "the PCR record contains no declaration of competent counsel opining that the failure to request the self-defense or crime prevention instructions fell below the objective standard of reasonableness" on the facts of the case. And it reasoned that this court

rejected his claim of trial counsel's deficient performance in denying him appellate relief.

**¶11**      The court also found Vigorito failed to establish actual prejudice.  It reasoned that the instructions he said his trial counsel should have requested were not warranted by the evidence, so the court would not have given them even if trial counsel requested them.  The court explained the crime prevention instruction was not warranted by the evidence because Vigorito was not "charged with a crime for attempting to disable [his daughter's] vehicle" but for "pointing his firearm at" S.B.  And it reasoned the self-defense instruction was not warranted by the evidence because Vigorito "never argued that he was justified in using his firearm to threaten or use physical force against another."

**¶12**      Vigorito timely petitioned for review, arguing he stated a colorable IAC claim.  We exercise our discretion to grant review.  *See* A.R.S. § 13-4239(G); Ariz. R. Crim. P. 33.16(k).

## DISCUSSION

**¶13**      "We review a court's ruling on a petition for PCR, including a denial based on lack of a colorable claim, for an abuse of discretion." *State v. Anderson*, 257 Ariz. 226, 230 ¶ 13 (2024).  "It is [Vigorito's] burden to show the superior court abused its discretion" by summarily dismissing his Rule 32 petition for failure to state a colorable claim.  *State v. Reed*, 252 Ariz. 236, 238 ¶ 6 (App. 2021).  A colorable IAC claim is one that satisfies both the deficient performance and actual prejudice prongs of the *Strickland* test, *see infra* ¶ 9.  "Failure to satisfy either prong . . . is fatal."  *State v. Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006).

**¶14**      As to the deficient performance prong, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *State v. Pandeli*, 242 Ariz. 175, 181 ¶ 7 (2017) (quoting *Strickland*, 466 U.S. at 689).  "To overcome this presumption, [Vigorito is] required to show counsel's decisions were not tactical in nature, but were instead the result of 'ineptitude, inexperience or lack of preparation.'" *State v. Denz*, 232 Ariz. 441, 444 ¶ 7 (App. 2013) (quoting *State v. Goswick*, 142 Ariz. 582, 586 (1984)).

**The Court Did Not Abuse its Discretion in Finding Vigorito Failed to Demonstrate His Counsel Was Ineffective.**

¶15 Requesting our review, Vigorito reasserts that his trial counsel was deficient in failing to request self-defense and crime prevention instructions, and that he was prejudiced because that failure deprived the jury of alternate grounds for his acquittal.

¶16 In assessing Vigorito's IAC claim, we begin by asking whether he demonstrated that his counsel's performance was deficient. Vigorito says it was because the self-defense and crime prevention instructions were supported by the "slightest evidence," so counsel's failure to request them was unreasonable. Vigorito is correct that a defendant is generally entitled to any requested justification instruction supported by the "slightest evidence." *See State v. Wilson*, 253 Ariz. 191, 195 ¶ 10 (App. 2022). But the fact that the instructions may have been supported by the evidence at trial does not mean Vigorito's counsel was deficient for failing to request them. "[W]hat justification defenses (if any) a criminal defendant may wish to press fairly is a question of trial strategy." *State v. Brown*, 258 Ariz. 270, 276 ¶ 28 (App. 2024). And it is Vigorito's burden to demonstrate his counsel's decision not to request the instructions was "not tactical in nature, but [] instead the result of 'ineptitude, inexperience or lack of preparation.'" *Denz*, 232 Ariz. at 444 ¶ 7 (quoting *Goswick*, 142 Ariz. at 586). Vigorito has not met this burden.

¶17 Vigorito cites two out-of-state cases to suggest that omitting to request potentially applicable jury instructions can be ineffective assistance, but both cases had stronger facts that made the omissions in those cases ineffective assistance. In *Brooks v. State*, the Supreme Court of Delaware held that "[c]ounsel who forgets to request an instruction that could help his client fails to meet an objective standard of reasonableness." 40 A.3d 346, 354 (Del. 2012). But there, defendant's "trial counsel submitted an affidavit attributing his failure to request an accomplice instruction to an oversight." *Id.* Here, as the superior court noted, Vigorito provided neither an affidavit from his trial counsel nor any other "declaration of competent counsel" explaining why the failure to request specific justification instructions fell below the objective standard of reasonableness. In *Commonwealth v. Gainer*, a Pennsylvania court held that "[w]here alibi evidence has been introduced and . . . defense counsel has argued an alibi defense to the jury," defense counsel was "constitutionally ineffective" for his subsequent failure to request an alibi instruction. 580 A.2d 333, 337 (Pa. Super. Ct. 1990). In *Gainer*, the record was "abundantly clear that the alibi testimony was a major part of appellant's defense," *id.* at 335, so "[t]here

was nothing to lose and everything to gain by having the trial court explain" to the jury the relevance of the alibi evidence, *id.* at 337 (quoting *Commonwealth v. Nauman*, 498 A.2d 913, 916 (Pa. Super. Ct. 1984)). Here, counsel did not omit to request any instruction central to Vigorito's defense.

¶18 Because the record here fairly supports interpreting counsel's trial decisions as strategic, those decisions are not constitutionally deficient simply because they could have been more effective. *State v. Valdez*, 160 Ariz. 9, 14 (1989) ("Defense counsel's determinations of trial strategy, even if later proven unsuccessful, are not ineffective assistance of counsel."). The record indicates Vigorito's trial counsel knew he could request additional justification instructions, *see infra* ¶ 4, but opted to request only a defensive display instruction. He may fairly have decided that a self-defense instruction was more likely than a defensive display instruction to undermine Vigorito's testimony about the central issue of the case — the nature of his firearm display during the confrontation. And he may have decided against requesting a crime prevention instruction because his client never argued he was trying to prevent S.B. from committing a crime.

¶19 We need not determine trial counsel's strategy; it is enough that the record provides some explanation for it. *See Pandeli*, 242 Ariz. at 182 ¶ 15 ("Disagreements as to trial strategy or errors in trial will not support a claim of ineffective assistance of counsel as long as the challenged conduct could have some reasoned basis." (quoting *State v. Meeker*, 143 Ariz. 256, 260 (1984))); *State v. Carriger*, 143 Ariz. 142, 157 (1984) (finding no ineffective assistance where counsel's "failure to offer any instructions may have been a decision on his part that his client was well served by the court's [other] instructions."). Here, it does. Because Vigorito failed to demonstrate his trial counsel's performance was deficient, he failed to state a colorable IAC claim. We thus need not determine whether Vigorito demonstrated actual prejudice.

## CONCLUSION

¶20 For the foregoing reasons, we grant review of Vigorito's petition but deny the relief he requests.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR

6