602 A.2d 826

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Robin S. ROXBERRY, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 14, 1991.

Decided Jan. 13, 1992.

David L. Cook, Dist. Atty., Robert F. Hawk, Asst. Dist. Atty., for appellant.

Donald D. Doerr, Jr., Butler, Leonard N. Sosnov, Philadelphia, for appellee.

Peter Rosalsky, Philadelphia, for amicus Defender Ass'n of Philadelphia.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS, and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This appeal presents questions as to the circumstances in which a criminal defendant is entitled to an alibi instruction. The sole alibi evidence in this case was appellee's testimony that he was one-half mile from the scene when the crimes were committed. The trial court gave no alibi instruction. Alleging ineffective assistance of counsel, appellee sought a new trial pursuant to the PCHA, which was denied by the trial court. The Superior Court reversed, granting a new trial. We affirm.

Appellee, Robin S. Roxberry, was charged with kidnapping, rape, IDSI, robbery, and theft in connection with an assault committed on January 9, 1984. The complainant identified appellee as her assailant and testified that the crimes occurred between 11:00 p.m. on January 9 and 1:00 a.m. on January 10, 1984. Appellee testified that he was four blocks, or one-half mile, away from the crime scene, drinking in The Keg bar from 8:00 p.m. until 1:00 a.m. on the night in question.

The trial court instructed the jury as follows:

The critical question for you to decide is whether or not the defendant was the actor in the event that took place between eleven p.m. and one a.m. on the ninth and tenth of January. In behalf of the Commonwealth you have the testimony of [the victim] particularly as to the description of the assailant, the composite she put together of her assailant and the photo identification which is Commonwealth's Exhibit 2.

In behalf of the defendant he states that he was not in the area but drinking beer at The Keg from eight p.m. until closing on the night in question; that he was bearded at the time of the incident. In his behalf his mother-in-law and commonlaw wife testified that he was bearded.

Your task is to consider all the evidence and to make a determination.

Following the charge, to which appellee's counsel raised no objection, the jury found appellee guilty of the crimes charged, whereupon he was sentenced to a term of thirteen and one-half to twenty-seven years. After his judgment of sentence was affirmed on appeal, appellee, represented by new counsel, filed a PCHA petition alleging that trial counsel rendered ineffective assistance by failing to object to the absence of an alibi instruction. The trial court denied relief, but the Superior Court reversed, vacated the judgment of sentence, and remanded for a new trial. *Commonwealth v. Roxberry*, 381 Pa.Super. 314, 553 A.2d 986 (1988). We granted allocatur to review the propriety of the jury instructions pertaining to appellee's alibi defense.

■ The parties do not dispute that the charge quoted above was not an alibi instruction, but was merely a summation of the testimony. The court did not in any way advise the jury how to consider the evidence. The Commonwealth presents two arguments supporting the trial court's omission of an alibi instruction. First, it is claimed that appellee's testimony did not constitute an alibi because it failed to preclude the possibility that appellee committed the crimes, so no instruction was warranted. In the alternative, it is argued that appellee's alibi testimony was unsupported by other evidence and that a jury charge is not required in such a circumstance.

The long-accepted definition of alibi is "a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." *Commonwealth v. Jones*, 529 Pa. 149, 602 A.2d 820 (decided today); *Commonwealth v. Pounds*, 490 Pa. 621, 631, 417

A.2d 597, 602 (1980); *Commonwealth v. Whiting*, 409 Pa. 492, 498, 187 A.2d 563, 566 (1963). The Commonwealth asks us to create a requirement that an alibi defense must allege a certain minimum distance from the scene of the crime, and to hold that four blocks, or one-half mile, is not enough. How do we determine precisely where to draw the line between an alibi defense and "nothing more than a general denial of guilt"? Is one mile enough? Ten miles? Judge Popovich, dissenting below, wrote:

> The appellant was within a few city blocks of the crime scene. Even if the appellant was in The Keg at 10:45 p.m., he could have easily left the bar, robbed, raped and released the victim before 12:45 a.m., and then returned to the bar prior to its 1:00 a.m. closing time.

*Roxberry*, 381 Pa.Super. at 314, 553 A.2d at 990–91 (dissenting opinion). This reasoning, given the marvels of modern transportation, would vitiate many sound alibi defenses. If appellee had testified that he had been at a bar in Chicago, the Commonwealth would argue that "appellee could easily have committed the crimes and then returned to the bar in time for closing," since a flight to Chicago takes less than two hours.

There is no minimum or threshold quantum of physical separation necessary for a defense to constitute an alibi, so long as the separation makes it impossible for the defendant to have committed the crime. It is theoretically possible to assert an alibi even when a crime occurs in the same building where the accused is located. If a convict is accused of stabbing a guard in the basement of a penitentiary and claims he was locked in a cell on the fourth floor when the crime was committed, he has asserted an alibi defense, because he was "in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party."

■ The Commonwealth's second argument is that, even if appellee's testimony meets the definition of an alibi defense, his unsupported testimony does not necessitate an

alibi instruction. The Commonwealth cites our opinion in *Pounds*, 490 Pa. at 632, 417 A.2d at 602:

> Although an alibi defense is generally presented with accompanying alibi witnesses or other evidence placing the defendant at a place other than the scene of the crime at the time of its commission, the testimony of the accused *may*, by itself, be sufficient to raise an alibi defense and entitle him to an appropriate jury instruction.

(Emphasis added.) The suggestion is that the alibi charge is discretionary when the only alibi testimony is that of the defendant.

We reject this interpretation of *Pounds*. It is not, and never has been, necessary for an alibi defense to be corroborated in order to constitute an alibi. *Commonwealth v. Jones, supra; Commonwealth v. Saunders*, 529 Pa. 140, 602 A.2d 816 (1991) (decided today); *Commonwealth v. Willis*, 520 Pa. 289, 553 A.2d 959 (1989); and *Commonwealth v. Pounds, supra,* all required an alibi instruction when the alibi defense had been presented solely by the unsupported testimony of the defendant.

The absence of corroboration, rather than appellee's proximity to the scene of the crime, is the more troublesome of the two arguments presented by the Commonwealth. If appellee had testified as he did, but also presented the bartender and four other patrons to corroborate his presence in the bar, one-half mile from the crime scene, throughout the period of time when the crimes were committed, we would undoubtedly agree that the defense was an alibi. Depending on the character and reputation of the five witnesses, we might consider it a strong alibi defense. If a defendant presented the testimony of twenty clergymen to corroborate his testimony that he was attending divine services in a house of worship one-half mile from the crimes, there would be no question that he had presented an alibi defense.

Appellee's defense in this case would obviously have been substantially more credible had he presented corroborating testimony. His defense was nonetheless an alibi, for if he

was drinking in the Keg from 8:00 p.m. until 1:00 a.m., one-half mile from the crime scene, as he testified, he was sufficiently "removed therefrom as to render it impossible for him to be the guilty party." Absence of corroboration will reduce the weight the jury will assign an alibi, but, corroborated or not, a defendant's testimony that he was somewhere else while a crime was committed entitles him to an alibi instruction to guide the jury in its ultimate determination of fact.

■ We customarily repose great faith in the wisdom and judgment of juries. Because credibility is indisputably the exclusive province of the jury, we cannot properly permit a judge, under the guise of exercising discretion, to remove the alibi issue from the jury merely because the judge finds the evidence incredible. We do not ordinarily doubt a jury's capability of resolving difficult factual questions. Many, if not most, trials require the jury to make extremely meticulous and discriminating assessments of credibility. This jury function is fundamental to our jurisprudence. There is no reason, in the realm of alibis, to abandon our trust in jury verdicts and to grant discretion to a trial judge to deliver or withhold an alibi charge depending on his personal assessment of credibility.

■ Superior Court was correct, therefore, in finding counsel ineffective for inexplicably failing to object to the omission of an alibi instruction, thereby prejudicing appellee's right to a fair trial. It was proper to remand this case for a new trial.

Order affirmed.

LARSEN, J., files a dissenting opinion which is joined by PAPADAKOS, J.

McDERMOTT, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent. A defendant is entitled to a specific alibi instruction where evidence of an alibi is introduced. *Com-*

*monwealth v. Bonomo*, 396 Pa. 222, 151 A.2d 441 (1959). Alibi is defined as "a defense that places the defendant at the relevant time in a different place than the scene involved *and so removed therefrom as to render it impossible for him to be the guilty party.*" *Commonwealth v. Whiting*, 409 Pa. 492, 494, 187 A.2d 563, 566 (1963) (emphasis added).

The testimony of appellee, in the case herein, that he was a mere four blocks away when the crimes occurred establishes that he was not so far removed from the crime scene "as to render it impossible for him to be the guilty party." Because of his admitted proximity to the scene involved, appellee could easily have committed the crimes and then returned to the bar in time for closing. Appellee's testimony amounts to nothing more than a general denial of guilt. He did not present evidence of an alibi as defined in *Whiting*, and thus he was not entitled to an alibi instruction.

Accordingly, I would reverse the Order of the Superior Court, which reversed and remanded for a new trial.

PAPADAKOS, J., joins in this dissenting opinion.

McDERMOTT, Justice, dissenting.

An alibi defense places one elsewhere when the offense was committed, and by reason of time, place and distance renders it impossible for him to have done the deed.

However, if an accused testifies he was in Chicago when the offense was committed in Philadelphia, and offers no more than his own testimony, he has simply denied the charge with an explanation, and offers in support of that denial his credibility as to his whereabouts at the time in question. If he says he was at home asleep, at the movies, walking in the woods, in church, or on the moon, and relies only on his credibility to support his contention, he is entitled to no further charge than the general charge on credibility. An alibi instruction is not warranted because it adds nothing to the jury's ability to test that credibility.

However, when a defendant contends he was not there and corroborates that contention with other evidence, the jury is then called upon to weigh that evidence in addition to the defendant's credibility. In weighing that evidence, the jury must be separately instructed so that it will not mistakenly find the defendant guilty merely because that corroborative evidence was not accepted.

In the present case appellee offered no more than his self-serving statement that he was somewhere other than the crime scene. This limited uncorroborated evidence did not justify or necessitate a separate jury instruction or alibi charge. Moreover, to permit a defendant to have the jury instructed on an alibi merely because he says "I was not there" will encourage the unscrupulous to perjury: a defendant facing serious consequences will have little disincentive to perjure himself when he can have the jury instructed on an alternative avenue for acquittal.

Consequently, I dissent.