J-S14003-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FREDDIE IALONGO, | : | |
| | : | |
| Appellant | : | No. 1773 EDA 2013 |

Appeal from the PCRA Order May 17, 2013,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0407461-2006

BEFORE: DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED APRIL 21, 2015**

Appellant, Freddie Ialongo ("Ialongo"), appeals pro se from the order entered on May 17, 2013 in the Court of Common Pleas, Philadelphia County, dismissing his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. For the reasons that follow, we vacate the PCRA court's order and remand for an evidentiary hearing.

At trial commencing on October 3, 2007, Michael Klugman ("Klugman") testified that at approximately 6:30 p.m. on January 10, 2006, he was working at the Pink Rose Pastry Shop located at 630 S. 4th Street in Philadelphia when someone he later identified as Ialongo approached the counter, pulled a gun, and demanded money. N.T., 10/3/07, at 73-81. In the search accompanying Ialongo's arrest, the police recovered $212 dollars in twenties, tens, fives, and one-dollar bills, and the serial numbers on some

of the five-dollar bills were in sequential order. *Id.* at 49-55, 151. Counsel for Ialongo stipulated at trial that Larry Frank, the owner of the Pink Rose, would (if called) testify that on the morning of the robbery, he put a number of five-dollar bills into the cash register, and that because he had obtained those bills directly from the bank, they should have been in sequential order. *Id.* at 132-33.

The jury found Ialongo guilty of robbery, 18 Pa.C.S.A. § 3701(a)(1), and possession of an instrument of crime, 18 Pa.C.S.A. § 907(a), and on January 18, 2008, the trial court sentenced Ialongo to a term of imprisonment of from five to ten years of incarceration for robbery and no further penalty on the second conviction. On May 11, 2009, this Court affirmed the judgment of sentence, and on February 16, 2010, our Supreme Court denied Ialongo's petition for allowance of appeal.

On March 22, 2010, Ialongo filed a PCRA petition, and on April 11, 2011 court-appointed counsel filed an amended PCRA petition. On May 17, 2013, after issuing a notice of intent to dismiss pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure, the PCRA court dismissed Ialongo's PCRA petition without conducting an evidentiary hearing. On June 17, 2013, appointed counsel filed a notice of appeal. On July 9, 2013, Ialongo filed a motion stating his desire to terminate the relationship with appointed PCRA counsel and proceed pro se, and on September 3, 2013, this Court remanded the case to the PCRA court to conduct a *Grazier* hearing on

this request. On February 28, 2014, the PCRA court held a *Grazier* hearing and determined that Ialongo could represent himself on appeal. On March 4, 2014, the PCRA court ordered Ialongo to file a statement of issues complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. Ialongo filed his Rule 1925(b) statement on March 29, 2014, and on June 27, 2014 the PCRA court filed a written opinion pursuant to Rule 1925(a) addressing the issues set forth therein.

On appeal, Ialongo raises the following six issues for our review and determination:

> 1. Was trial counsel effective when he failed to call a known alibi witness to testify?
>
> 2. Was trial counsel effective by agreeing to the stipulated statement (presumably by Larry Frank (store's owner) concerning the sequential order of five dollar bills; The said stipulation was so harmful and prejudicial it was like pleading [Ialongo] guilty in the middle of a jury trial--making trial a foregone conclusion, in which was trial counsel effective when he did not request an [] on the record colloquy required by *Davis* surrounding a guilty plea?
>
> 3. By way of the above mentioned stipulation (by Larry Frank) did counsel give up [Ialongo's] constitutional rights of due process; the 14[th] Amendment Confrontational Clause, does counsel deny [Ialongo] his right to cross examine his accuser?
>
> 4. Was counsel effective when he did not interview at any time the affiant of said stipulation (Larry Frank) after reviewing the police records and discovery and seeing nowhere in the discovery a statement ever

made by Larry Frank concerning the sequential ordered money?

5.    Was trial counsel effective when trial judge denied the **Kloiber** request and trial judge suggested counsel to come up with something a little less[,] was counsel effective when he did not ask for a denial of a line up charge Pa.R.C.P. 2d § 1241 or consideration of suggestiveness of preliminary and or trial I.D. Pa.R.C.P. 2d § 1240?  Was trial judge in error for not granting [an] instruction?

6. Was trial counsel effective when he allows the Commonwealth to commit prosecutorial conduct, when trial counsel allows the Commonwealth to use a false statement by way of the stipulation (presumed) by Larry Frank concerning the "sequential order of money"?

Ialongo's Brief at 2-3.

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error.  **Commonwealth v. Ghisoiu**, 63 A.3d 1272, 1273-74 (Pa. Super.), *appeal denied*, 74 A.3d 125 (Pa. 2013).   The six issues raised by Ialongo all assert claims of ineffective assistance of trial counsel, for which a petitioner must demonstrate that:  (1) the underlying legal issue has arguable merit; (2) trial counsel's actions lacked a reasonable basis;  and  (3)  counsel's  act  or  omission  prejudiced  the  petitioner. **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012).   A claim of ineffectiveness will be denied if the petitioner fails to satisfy any one of these prongs.  **Id.**

- 4 -

For his first issue on appeal, Ialongo claims that his trial counsel rendered ineffective assistance by failing to call three alibi witnesses: Lisa Ialongo (his sister), Ann Ialongo (his mother), and John Hendricks.[1] To begin, both 42 Pa.C.S.A. § 9545(d)(1) and Rule 902(A)(15) of the Pennsylvania Rules of Criminal Procedure provide that when a PCRA petitioner requests an evidentiary hearing, he shall include a certification as to each intended witness, stating the witness's name, address, date of birth, and the substance of the witness's testimony. *Commonwealth v. Pander*, 100 A.3d 626, 640 (Pa. Super. 2014). In the present case, Ialongo has complied with this requirement, attaching both certifications for the three alibi witnesses as well as signed affidavits from each of them. Amended PCRA Petition, 4/11/2011, Exhibits A and B.

In her affidavit, Lisa Ialongo states that she informed her brother's appointed counsel that on the day of the robbery (January 10, 2006), Ialongo spent the entire day with her. She provides a detailed account of the events of that day, including her call to him asking that he come over because she had just had a fight with her child's father the night before and was afraid of him returning. She recounted eating all three meals during the day (e.g., cereal, lunchmeat sandwiches) with Ialongo, and explained that after dinner they watched TV with her son, during which all three fell asleep. Ann Ialongo testified in her affidavit that she informed appointed counsel of

---

[1] On October 31, 2006, Ialongo's trial counsel filed a Notice of Alibi Defense.

the need to talk to her daughter Lisa, as she was aware of Lisa's altercation with her son's father and Ialongo's resulting presence at her daughter's home on January 10, 2006. Finally, in his affidavit, John Hendricks testified about Ialongo's presence at a birthday party for Lisa's Ialongo's son on December 10, 2005.

In this case, the PCRA court did not contest that the failure to call alibi witnesses presents a claim of arguable merit. Instead, the PCRA court and the Commonwealth focus on the second and third prongs of the test for ineffective assistance of counsel. With regard to the second prong, the PCRA court found that appointed counsel had a strategic basis for not calling Lisa Ialongo to testify at trial.[2] In particular, the PCRA court indicated that in

---

[2] The PCRA court rejected the proffered testimonies of Ann Ialongo and John Hendricks in their entirety. The PCRA court did so correctly with respect to John Hendricks, as his affidavit related his knowledge of Ialongo's location on December 10, 2005, a month prior to the robbery at issue here.

With respect to the testimony of Ann Ialongo, however, the PCRA court plainly erred. The PCRA court stated that "Ann Ialongo's affidavit does mention a conversation with Lisa Ialongo in which Lisa told Ann that [Ialongo] was with Lisa the day of the robbery, **however Ann also states she never informed trial counsel of that**." PCRA Court Opinion, 6/27/2014, at 5 n.4 (emphasis added). Ann Ialongo's affidavit in fact provides precisely the opposite information, namely that she did inform trial counsel about Lisa's alibi testimony:

> I also spoke to Mr. Schrading [trial counsel] about how my daughter, Lisa Ialongo, told me my son was with her all day on 1/10/06, because of a[n] altercation she had with her babies [sic] father, and her having to throw him out the night before 1/9/06…. Mr. Schrading told me he was aware of

August 2002, Lisa Ialongo had pleaded guilty to forgery and related charges, and that because forgery is a crimen falsi crime, it could have been used to question her credibility. As such, the PCRA court determined that "[t]his guilty plea by the defendant's sister would have likely discredited her testimony," and hence "counsel had a reasonable basis for not calling her." PCRA Court Opinion, 6/27/2014, at 6.

The PCRA court, however, failed to conduct an evidentiary hearing at which Ialongo's trial counsel could testify regarding his **actual strategies**, and thus the PCRA court's decision is not supported by any evidence in the certified record on appeal. The "reasonable basis" prong of the ineffectiveness test is not satisfied merely because appointed counsel (or the PCRA court) is able to concoct a strategic basis that fits with trial counsel's actions or omissions. *See, e.g.*, **Commonwealth v. Duffey**, 855 A.2d 764, 775 (Pa. 2004) (in the absence of testimony from counsel, the court "should refrain from gleaning whether … a reasonable basis exists"). "The ultimate focus of an ineffectiveness inquiry is always upon counsel, and not upon an alleged defect in the abstract." **Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012) (quoting **Commonwealth v. Colivita**, 993 A.2d 874, 896 (Pa. 2010)). Only where the record on appeal clearly establishes the

---

my daughters Alibi, and assured me, he was doing all he can for my son, [Ialongo].

Amended PCRA Petition, 4/11/2011, Exhibit B.

reasonable basis prong may the issue be decided without an evidentiary hearing to determine trial counsel's actual strategies. **Commonwealth v. Williams**, 899 A.2d 1060, 1065 (Pa. 2006) (citing **Commonwealth v. McGill**, 832 A.2d 1014 (Pa. 2003)). Our Supreme Court "has expressed a distinct preference for a hearing on counsel's strategy before venturing to hold that counsel lacked a reasonable basis for his or her actions." **Commonwealth v. Gribble**, 863 A.2d 455, 473-74 (Pa. 2004). As such, in **Commonwealth v. Perry**, 959 A.2d 932 (Pa. Super. 2008), this Court recognized that "[o]ur Supreme Court has cautioned against speculating about the reasons for counsel's actions in the absence of an evidentiary hearing, except in the clearest of cases." **Id.** at 937.

This is not the "clearest of cases," as the PCRA court's decision is unsupported by any evidence in the certified record and is instead, in the absence of testimony from trial counsel, mostly speculation. The only reference in the certified record to Lisa Ialongo's forgery conviction is in the Commonwealth's motion to dismiss Ialongo's PCRA petition. Commonwealth's Motion to Dismiss, 10/26/2012, ¶ 14. This motion to dismiss was filed more than three years after trial, however, and the certified record contains no evidence that at the time of trial (when trial counsel made the decision not to call Lisa Ialongo to testify), trial counsel was even aware of the existence of the conviction. As a result, the certified record does not support the PCRA court's conjecture that trial counsel did

not call Lisa Ialongo as an alibi witness because of a concern that the prior crimen falsi conviction would ruin her credibility.

The certified record contains no other evidence of trial counsel's strategic reasoning for his decision not to call Lisa Ialongo (or Ann Ialongo) as alibi witnesses. To the contrary, trial counsel's clear strategy at trial was **misidentification**. In his closing argument, trial counsel argued that Klugman's identification was mistaken and emphasized that Ialongo had been cleared of suspicion in connection with three other similar robberies (of similar shops in the same neighborhood (all on South Street) during the same time frame), after it was determined that he had been in jail on unrelated charges at the time of the three other crimes. N.T., 10/4/2007, at 116-120. In its closing argument, the Commonwealth admitted that Ialongo's presence in jail provided him with the "best alibi that exists ever" for the three other robberies:

> We have four robberies, ladies and gentlemen, that are at issue in this case, Pink Rose Pastry and the three robberies which occurred when he was in custody, when he was in jail, the best alibi that exists ever. It is proven beyond all doubt, the same person cannot be in two places at once.
>
> When it is discovered that [Ialongo] was in jail, those cases ceased to exist because the same person can't be in the same place at the same time. So for those cases the best alibi exists.
>
> [Ialongo's trial counsel] wants you to take this leap and say the same guy is robbing all of these places, the same robber is robbing each and every store.

***Id.*** at 151-52.

Alibi testimony from Lisa Ialongo regarding Ialongo's whereabouts on January 10, 2006 (the only date for which jail did not provide him with the "best alibi") would have substantially reinforced trial counsel's misidentification strategy. The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. ***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa. Super. 2013) (citing ***Commonwealth v. Colavita***, 993 A.2d 874 (Pa. 2010)), *appeal denied*, 93 A.3d 463 (Pa. 2014). In the absence of an evidentiary hearing, the certified record contains no evidence or other basis for application of this test or to conduct appellate review.

We turn, then, to the third prong of the test for ineffective assistance of counsel. To satisfy the prejudice prong when asserting a claim of ineffectiveness for the failure to call a potential witness at trial, our Supreme Court has instructed that the PCRA petitioner must establish that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew, or should have known, of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant

a fair trial. ***Commonwealth v. Sneed***, 616 Pa. 1, 22–23, 45 A.3d 1096, 1108–09 (2012) (citing ***Commonwealth v. Johnson***, 600 Pa. 329, 351, 966 A.2d 523, 536 (2009) and **Commonwealth v. Clark**, 599 Pa. 204, 222, 961 A.2d 80, 90 (2008)); ***Commonwealth v. Want***z, 84 A.3d 324, 331 (Pa. Super. 2014).

The certifications and affidavits attached to Ialongo's amended PCRA petition establish the first four prongs of this test, including the identity of the proposed alibi witnesses and trial counsel's knowledge of the substance of their potential testimony. To demonstrate the fifth prong of this test, a petitioner "must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." ***Commonwealth v. Gibson***, 951 A.2d 1110, 1134 (Pa. 2008). Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense. ***Commonwealth v. Stewart***, 84 A.3d 701, 714 (Pa. Super. 2013), *appeal denied*, 93 A.3d 463 (Pa. 2014).

In this case, the PCRA court determined that Ialongo had not demonstrated prejudice resulting from trial counsel's failure to call alibi witnesses, principally Lisa Ialongo. The PCRA court cited to the "overwhelming evidence" of Ialongo's guilt as presented at trial, namely Klugman's identification and the sequentially numbered five-dollar bills.

Trial Court Opinion, 6/27/2014, at 6. The PCRA court also noted Lisa

Ialongo's forgery conviction in its analysis of the prejudice prong. *Id.*

In its analysis, however, the PCRA court did not consider the nature

and importance of alibi evidence. Our Supreme Court has instructed as

follows:

> Generally, "[a]n alibi is 'a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party.' " *Commonwealth v. Rainey*, 593 Pa. 67, 928 A.2d 215, 234 (2007) (quoting *Commonwealth v. Roxberry*, 529 Pa. 160, 602 A.2d 826, 827 (1992)). When alibi evidence is introduced, the defendant is entitled to an alibi instruction. *Commonwealth v. Hawkins*, 586 Pa. 366, 894 A.2d 716, 718 (2006). A trial court should instruct a jury to acquit if the defendant's alibi evidence, even if not wholly believed, raises a reasonable doubt as to whether he was present at the scene of the crime when the crime was committed. *Id.* at 717–18 (citing *Commonwealth v. Pounds*, 490 Pa. 621, 417 A.2d 597, 603 (1980)). The instruction is "critically important to offset 'the danger that the failure to prove the defense will be taken by the jury as a sign of the defendant's guilt.' " *Id.* at 718 (quoting *Pounds*, 417 A.2d at 603). In *Pounds*, "[w]e explained that the defendant bears no burden of proof in a criminal case, and that to infer guilt based upon a failure to establish an alibi 'contravenes the presumption of innocence and the Commonwealth's burden of proving the offense beyond a reasonable doubt.' " *Id.* (quoting *Pounds*, 417 A.2d at 603 n. 17).

*Commonwealth v. Johnson*, 966 A.2d 523, 536 (Pa. 2009). Similarly, this

Court has stated:

> When the defendant generally denies his guilt, he is
> simply saying "I didn't do it." An alibi defense, on the
> other hand, not only declares "I didn't do it" but also
> says: "and it couldn't possibly have been me since I
> was someplace else when the crime occurred." …
> Alibi [evidence,] "if believed, isolate[s the defendant]
> from all possible interaction with the victim and the
> crime scene." ***Commonwealth v. Collins***, 549 Pa.
> 593, 702 A.2d 540, 545 (1997).

***Commonwealth v. Hall***, 867 A.2d 619, 636-37 (Pa. Super. 2005).

As such, an alibi defense could have "isolated" Ialongo from any interaction with Klugman at the Pink Rose Pastry Shop and substantially bolstered his overall misidentification defense. Moreover, since Ialongo would not have had the burden to prove his alibi, it is unnecessary that the alibi testimony be "wholly believed." ***Johnson***, 966 A.2d at 536. Instead, the burden of proof remains with the Commonwealth and the alibi testimony only needs to raise "a reasonable doubt as to whether he was present at the scene of the crime when the crime was committed." ***Id.***

Accordingly, the question is whether Lisa Ialongo could have been a sufficiently credible witness at trial, despite her prior convictions and familial relationship,[3] to raise a reasonable doubt regarding Ialongo's whereabouts on January 10, 2006. Because it did not conduct an evidentiary hearing, however, the PCRA court had no opportunity to assess Lisa Ialongo's credibility. "[O]ne of the primary reasons PCRA hearings are held in the first

_____
[3] Familial witnesses by their very nature are biased. ***See Commonwealth v. Weiss***, 606 A.2d 439, 443 (Pa. 1992). The fact-finder must weigh that bias against the testimony offered in assessing its weight. ***Id.***

- 13 -

place is so that credibility determinations can be made; otherwise, issues of material fact could be decided on pleadings and affidavits alone." **_Id._** at 539; **_see also Commonwealth v. Gibson_**, 951 A.2d 1110, 1122 (Pa. 2008) ("[A] developed post-conviction record accompanied by specific factual findings and legal conclusions is an essential tool necessary to sharpen the issues so that differences at the appellate level can be mitigated."). The PCRA court's decision that the jury would not have believed Lisa Ialongo's testimony, without first conducting an evidentiary hearing to hear her testimony, was error.

We of course take no position regarding the ultimate merits (or lack thereof) of Ialongo's ineffectiveness claim. Instead, we conclude only that he has raised issues of material fact and the trial court erred in not conducting an evidentiary hearing. As this Court has held, "[w]hen an arguable claim of ineffective assistance of counsel has been made, and there has been no evidentiary hearing in the [PCRA court] to permit the defendant to develop evidence on the record to support the claim, and to provide the Commonwealth an opportunity to rebut the claim, this Court will remand for such a hearing." **_Commonwealth v. Savage_**, 695 A.2d 820, 825 (Pa. Super. 1997). For this reason, a remand for an evidentiary hearing is the proper course.

Ialongo's second, third, fourth, and sixth issues on appeal all relate to trial counsel's stipulation at trial that Larry Frank, the owner of the Pink Rose

Pastry Shop, would (if called) have testified that on the morning of the robbery he put a number of five-dollar bills into the cash register, and that because he had obtained those bills directly from the bank, they would likely have been in sequential order. Ialongo argues that at the time of the stipulation, the certified record contained no evidence to support this stipulation, as Frank had not provided any such statement to police or prosecutors. Ialongo's Brief at 17. Ialongo further contends that without the stipulation, the evidence would not have been introduced, since at the time of trial Frank was out of the country and thus could not have testified against him. *Id.* at 21. Finally, Ialongo attached to his original PCRA petition what appears to be a signed statement from Frank, in which Frank indicates that he never spoke to the district attorney about the case and that "if the bills were new from the bank, I usually would alternate them with old bills so they wouldn't stick together." PCRA Petition, 3/17/2010, Exhibit M.

Based upon our review of the certified record, these issues have not been preserved for appellate review. While Ialongo set forth these issues in his original PCRA petition filed on March 17, 2010, appointed PCRA counsel did not include them in the Amended PCRA Petition filed on April 11, 2011. On August 22, 2011, Ialongo filed a "Motion to Re-Amend PCRA or Re-Submit Original Pro Se Version," and on August 22, 2011 he offered a pro se supplemental PCRA petition entitled "Re-Amended for Review."

In both his "Motion to Re-Amend" and "Re-Amended for Review" filings, Ialongo attempted to reassert his ineffectiveness claims related to the Frank stipulation. At the time of these filings, however, Ialongo was still represented by appointed PCRA counsel, as he did not request the right to terminate his appointed PCRA counsel until April 8, 2013. In *Commonwealth v. Jette*, 23 A.3d 1032 (Pa. 2011), our Supreme Court reiterated its "long-standing policy that precludes hybrid representation," including during PCRA proceedings. *Id.* at 1036; *see also Commonwealth v. Pursell*, 724 A.2d 293, 302 (Pa. 1999) (no hybrid representation during PCRA proceedings, stating "[w]e will not require courts considering PCRA petitions to struggle through the pro se filings of defendants when qualified counsel represent those defendants"). Because all claims relating to the Frank stipulation at trial were abandoned in the counseled amended PCRA petition, they were not preserved for appeal and we may not address them.

Finally, for his fifth issue on appeal, Ialongo contends that trial counsel was ineffective for failing to insist on an alternative instruction regarding Klugman's identification testimony after the trial court denied a request for a *Kloiber* charge.[4] Again, however, this issue was not preserved for appeal

---

[4] Per *Commonwealth v. Kloiber*, 106 A.2d 820 (Pa. 1954), a *Kloiber* is an instruction that "a witness's identification should be viewed with caution [] where the eyewitness: (1) did not have an opportunity to clearly view the defendant; (2) equivocated on the identification of the defendant; or (3) had a problem making an identification in the past." *Commonwealth v. Ali*, 10 A.3d 282, 303 (Pa. 2010).

because it was not included in appointed counsel's amended PCRA petition. In the amended PCRA petition, appointed counsel raised only the issue of direct appellate counsel's failure to raise the **Kloiber** issue on direct appeal. Amended PCRA Petition, 4/11/2011, ¶ 7(4)-(5).

Even if the issue had been preserved for review, we note that during its charge to the jury, the trial court offered detailed instructions on eyewitness identification, explaining in connection with Klugman's identification as follows:

> In evaluating his testimony in addition to the other instructions I have given you or will give you providing for the judging witnesses, you should consider the additional following factors: Did the witness have a good opportunity to observe the perpetrator of the offense? Two, was there sufficient lighting for him to make observations? Three, was he close enough to the individual to note his facial or other physical characteristics as well as any clothing he was wearing? Next, has he made a prior identification of the defendant as the perpetrator of these crimes at any other proceeding? Was his identification positive or was it qualified by any hedging or inconsistencies? During the course of this case did the witness identify anyone else as the perpetrator?
>
> In considering whether or not to accept the testimony of Michael Klugman, you should consider all of these circumstances under which the identifications were made.

N.T., 10/5/2007, at 21-22.

Order vacated and case remanded to the PCRA court for an evidentiary hearing on Ialongo's first issue on appeal.[5] Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2015

---

[5] Ialongo's motion to strike the Commonwealth's appellate brief is granted. On November 17, 2014, the Commonwealth requested an extension of time of 60 days to file its appellate brief, and this Court granted the Commonwealth's request in its entirety, permitting the Commonwealth until January 16, 2014 to file its brief. The Commonwealth did not, however, file its appellate brief until February 20, 2015. Because the Commonwealth did not prepare and submit its brief within the expanded time period it requested, the late-filed brief is stricken and was not considered on appeal.