J-S46042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KYLE J. WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 3176 EDA 2014 |

Appeal from the PCRA Order entered on October 31, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-0401451-2005

BEFORE: MUNDY, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 31, 2015**

Kyle J. Williams ("Williams") appeals from the dismissal of his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In 2006, following a jury trial, Williams was convicted of murder of the first degree, criminal conspiracy, carrying a firearm without a license, possessing an instrument of crime, and persons not to possess firearms.[1] The trial court sentenced Williams to life in prison without the possibility of parole.

---

[1] Williams was 17 years old at the time he committed the murder. The victim died of two gunshot wounds to the back of the head. Williams subsequently confessed to his involvement in the shooting, and stated that he had killed the victim because the victim had robbed him of a couple hundred dollars.

Williams filed a timely Post-Sentence Motion, which was denied. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied Williams's Petition for Allowance of Appeal. **Commonwealth v. Williams**, 954 A.2d 44 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 964 A.2d 2 (Pa. 2009).

On January 4, 2010, Williams filed a timely, *pro se*, PCRA Petition. Subsequently, the PCRA court appointed Richard Moore, Esquire ("Moore"), as counsel, who filed an Amended Petition. After Moore passed away, J. Scott O'Keefe, Esquire, took over Williams's representation, but was later appointed to the bench. Thereafter, the PCRA court appointed Mitchell Scott Strutin, Esquire, as counsel, who filed another Amended PCRA Petition. Following a protracted procedural history not relevant to this case, the PCRA court issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. The PCRA court then dismissed Williams's Petition. Williams filed a timely Notice of Appeal.

On appeal, Williams raises the following issues for our review:

1) Is [Williams] entitled to post-conviction relief in the form of a new trial or a remand for an evidentiary hearing as a result of the ineffective assistance of trial counsel for failing to interview alibi witnesses and present their testimony at trial?

2) Is [Williams] entitled to post-conviction relief in the form of a new trial or a remand for an evidentiary hearing as a result of the ineffective assistance of trial counsel for failing to present Williams's testimony at trial?

3) [Whether] the life sentence imposed on [Williams], a juvenile at the time of the incident, is illegal pursuant to the recent

- 2 -

United States Supreme Court cases of [***Miller v. Alabama***, 132 S. Ct. 2455 (2012),] since the life sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution, and is a basis for relief under the PCRA and 42 Pa.C.S.A. § 6501 *et seq*?

Brief for Appellant at 4.

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that a petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence.

***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).

In his first claim, Williams asserts that his counsel was ineffective for failing to interview alibi witnesses, Tracy Barnes ("Tracy") and Shawntay Barnes ("Shawntay"), and present their testimony at trial. Brief for Appellant at 15-16, 23, 27-28. Williams argues that counsel's failure to interview the alibi witnesses or file a notice of alibi pursuant to Pa.R.Crim.P. 567, prejudiced him. ***Id***. at 23-24. Williams specifically argues that it is counsel's duty to investigate all avenues leading to the facts of relevant guilt, even if counsel thinks that the particular avenue offers little chance of success. ***Id***. at 26. Williams claims that the PCRA court should have held a hearing on this claim. ***Id***. at 28-29.

To succeed on an ineffectiveness claim, Williams must demonstrate by the preponderance of the evidence that

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to be effective, and the burden is on the appellant to prove otherwise. *Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011).

In seeking to establish that counsel was ineffective for failing to call or investigate the alibi witnesses, Williams must show,

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was wiling to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Sneed*, 45 A.2d 1096, 1108-09 (Pa. 2012). Further, for an alibi defense to be valid, it must be "a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." *Commonwealth v. Roxberry*, 602 A.2d 826, 828 (Pa. 1992) (citation omitted).

Here, the evidence established that the murder occurred on January 29, 2005, at approximately 2:20 a.m. **See** N.T., 9/14/06, at 129-40. In her affidavit, Tracey stated that Williams was at her house from 6:45 p.m., on January 28, 2005, until 9:00 a.m. the following morning. Affidavit of Tracey Barnes, 10/24/11. Tracey also stated that at 3:00 a.m., she saw Williams asleep with her daughter. **Id**. Shawntay stated that, Williams was in her presence from 6:45 p.m., on January 28, 2005, until 9:00 am the following morning, and that Williams was unable to leave the house because Tracey locked the house up for the night. Affidavit for Shawntay Barnes, 10/24/11. Shawntay stated that they slept in the same bed that night from 12:30 a.m. until 9:00 a.m. **See id**.

Based upon the proffered affidavits, the alibi does not completely support an alibi defense because Williams could have left the residence while Tracey and Shawntay were sleeping, therefore, it fails to present a version of events that made it impossible for Williams to commit the murder. **See Roxberry**, 602 A.2d at 828 (stating that an alibi defense is valid if it makes it impossible for the defendant to have committed the crime). Indeed, the murder occurred at approximately 2:20 a.m., a time which neither Tracey nor Shawntay could account for Williams.

Moreover, even if Williams had presented such evidence, it would not have changed the outcome of the proceeding due to the overwhelming evidence of Williams's guilt, including a detailed confession, eyewitness

testimony, and fingerprint analysis. *See* N.T., 9/15/06, at 91-125; *see also* Trial Court Opinion, 7/20/07, at 2-5, 7-9; *Commonwealth v. Bishop*, 936 A.2d 1136, 1140 (Pa. Super. 2007) (stating that in light of overwhelming evidence of appellant's guilt, there was no prejudice). Accordingly, because the claim is without support from the record, the PCRA court properly dismissed the Petition without an evidentiary hearing. *See Carter*, 21 A.3d at 682. Thus, Williams's first claim is without merit.

In his second claim, Williams argues that counsel was ineffective for failing to present his testimony at trial. Brief for Appellant at 30, 34, 38. Williams contends that trial counsel never informed him of his right to testify at trial, and Williams was not aware of the full extent of his right to testify at trial. *Id*. at 30, 34-36. Also, Williams asserts that trial counsel never discussed the advantages and disadvantages of testifying. *Id*. Williams claims that the PCRA court should have held an evidentiary hearing on this issue. *Id*. at 30, 37-38.

In order to support his ineffectiveness claim for failing to present Williams's testimony, Williams must demonstrate either that "(1) counsel interfered with [Williams's] freedom to testify, or (2) counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by [Williams] not to testify in his own behalf." *Commonwealth v. Thomas*, 783 A.2d 328, 334 (Pa. Super. 2001) (citation omitted).

Williams waived his right to testify at trial during a colloquy by the trial court. N.T., 9/18/06, at 96. The trial court explained to Williams that even if his attorney advised him not to testify, Williams must make the ultimate decision. *Id*. at 97. Williams confirmed that he did not wish to testify during the colloquy. *Id*. at 98-99.

Based on the foregoing, the record supports the PCRA court's determination that Williams made a knowing, voluntary, and intelligent waiver of his right to testify. ***See Commonwealth v. Lawson***, 762 A.2d 753, 753 (Pa. Super. 2000) (stating that a defendant who made a knowing, voluntary, and intelligent waiver of testimony may not later claim ineffective assistance of counsel for failure to allow defendant to testify); ***see also Commonwealth v. Schultz***, 707 A.2d 513, 520 (Pa. Super. 1997) (stating that while appellant may believe that the failure to testify on her own behalf prejudiced her, counsel was not ineffective where appellant knowingly waived her right to testify). The record reflects that Williams has failed to prove that his trial counsel interfered with his freedom to testify or gave him specific unreasonable advice so as to vitiate a knowing and intelligent decision to testify on his own behalf. Moreover, as noted above, Williams cannot demonstrate prejudice in light of the overwhelming evidence of his guilt. Further, because the claim is patently frivolous and without support from the record, the PCRA court properly dismissed the Petition without an

evidentiary hearing. *Carter*, 21 A.3d at 682. Thus, Williams's second claim is without merit.

In his third claim, Williams argues that his life sentence without parole was rendered unconstitutional by *Miller*. Brief for Appellant at 39-63. Williams specifically argues that *Miller* created a new substantive rule that should be applied retroactively. *Id*. at 48. Williams argues that the Supreme Court's decision in *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), holding that *Miller* would not be applied retroactively and precluding relief, was wrongly decided. Brief for Appellant at 46.

Here, Williams's judgment of sentence became final in 2009, over three years prior to the June 2012 *Miller* decision. The Pennsylvania Supreme Court held that *Miller* does not apply retroactively to juveniles in Pennsylvania whose judgments of sentence were final at the time *Miller* was decided. *See Cunningham*, 81 A.3d at 10; *see also Commonwealth v. Seskey*, 86 A.3d 237, 243 (Pa. Super. 2014) (stating that this Court is confined by the *Cunningham* decision).[2] Thus, Williams's final claim is without merit.

Order affirmed.

---

[2] The United States Supreme Court granted *certiorari* in *Montgomery v. Louisiana*, 135 S. Ct. 1546 (2015), to determine whether *Miller* applies retroactively. However, until this decision is issued, *Cunningham* remains binding. *See Commonwealth v. Cristina*, 114 A.3d 419, 424 n.1 (Pa. Super. 2015) (Mundy, J., concurring).

- 8 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2015