JUSTICE TODD, Concurring
I concur in the majority's determination that, given that the record evidence of Appellant's guilt was significant and substantial, the jury could reasonably have rejected Appellant's alibi testimony and found him guilty beyond a reasonable doubt. Consequently, I agree with the majority's conclusion that the likelihood of prejudice to Appellant from his counsel's failure to request an alibi instruction under these circumstances was attenuated. However, I distance myself from the majority opinion to the extent it suggests that a general charge to the jury in the nature of the one the trial court gave in this instance - i.e. , that the Commonwealth has the duty to prove every element of the offense beyond a reasonable doubt and that the defendant "has no duty to prove anything," N.T. Trial, 7/26/11, at 571 - will, in every instance, negate the prejudice to a defendant from counsel's failure to request an alibi instruction, when such *1028 an instruction is warranted by the trial evidence.
As our Court has emphasized:
The purpose of an alibi instruction is to ensure that the jury understand[s] where the burden of proof lies. There is a danger that the jury will incorrectly view the defendant as accepting the burden of proof of demonstrating that the alibi is true, when in fact the burden lies, as always, with the Commonwealth to prove guilt beyond a reasonable doubt. The alibi instruction is given to correct any such misapprehension.
Commonwealth v. Collins , 549 Pa. 593, 702 A.2d 540, 544-45 (1997). In cases where the evidence of the defendant's guilt is not as robust as in the present matter, the gravity of the danger created by the omission of the instruction, when measured against the strength of the evidence adduced on the question of the defendant's guilt, may be sufficient to support a finding that the defendant was prejudiced by counsel's failure to request the instruction.
Likewise, in instances where the defendant's alibi evidence may be perceived by a jury as lacking in weight because of the lack of corroboration, and the evidence of guilt adduced at trial is not substantial, omission of the instruction may also be prejudicial as, in such situations, it may be appropriate to specifically apprise the jury that an alibi defense need not be corroborated in order for it to raise sufficient reasonable doubt to find the defendant not guilty. See Commonwealth v. Roxberry , 529 Pa. 160, 602 A.2d 826, 828 (1992) ("It is not, and never has been, necessary for an alibi defense to be corroborated in order to constitute an alibi."). This vital information is not, in my view, adequately conveyed by the type of generic jury instruction the trial court gave in the instant matter.
Accordingly, for these reasons, I concur in the result.